IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACQUELINE COLLINS,

    Plaintiff,

v.                                            Civ. No. 11-36 MCA/GBW

OTERO COUNTY HOSPITAL ASSOCIATION and
ALAMOGORDO SURGERY VENTURES, LLC,

    Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION TO LIFT STAY

THIS MATTER comes before the Court on Plaintiff's Second Motion to Lift Stay. *Doc. 80*. The Court held a hearing on the Motion on August 21, 2014. *Doc. 83*. Having fully considered the briefing and the arguments presented at the hearing, the Court will grant the Motion in part and deny it in part.

### I.    BACKGROUND

On August 16, 2011, Defendant Otero County Hospital Association ("Otero") entered a Notice of Suggestion of Bankruptcy. *Doc. 63*. Thereafter, the Court held a status conference during which it determined that "the stay should apply to both defendants [Otero and Alamogordo Surgery Ventures ("ASV")], as [Plaintiff] has pleaded identity between the two." *Doc. 65*. The Court stated that it would "revisit [the motion to stay] if

1

proper motion is made and the Complaint [is] amended." *Id.* On September 1, 2011, the Court entered an order to stay the entire case pursuant to 11 U.S.C. § 362(a). *Doc. 66*.

The Court granted an unopposed motion to dismiss Defendant Otero in August 2013, because Otero "has obtained a Chapter 13 Reorganization Plan from the Bankruptcy Court and . . . pursuant to that plan, Plaintiff is required to dismiss this action with prejudice and to pursue her case in the bankruptcy court." *Docs. 75, 76*. Plaintiff moved to lift the stay on February 19, 2014, on the basis that Otero was no longer a party. *Doc. 77*. Defendant ASV responded that it did not oppose the motion "so long as [Plaintiff] moves to amend her complaint to allege proper claims against ASV and not against ASV as an instrumentality of [Otero]." *Doc. 78* at 3-4. The Court summarily denied the motion on March 11, 2014. *Doc. 79*. To date, Plaintiff has not amended her complaint.

In the instant motion, Plaintiff again moves to lift the stay, adding that "the claims by Plaintiff against Otero . . . have been disposed of in the Bankruptcy Court." *Doc. 80* at 1. Defendant ASV maintains its position that Plaintiff's only remedy against ASV is in bankruptcy court as long as the operative complaint alleges that ASV is an instrumentality of Otero.

II.     **AUTOMATIC STAY UNDER 11 U.S.C. § 362(A)**

"When a bankruptcy petition is filed, § 362(a) automatically stays any proceeding or enforcement action against the debtor." *See, e.g., In re Escobedo*, No. 14-1069, 2014 WL 3051208, at *2 (Bankr. D.N.M. July 3, 2014)). An automatic stay under section 362 "prevents creditors from taking further action against [a debtor] except through the bankruptcy

2

court." *In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) (internal quotations omitted). A stay in district court shall continue "until the bankruptcy case is closed, dismissed, or discharge is granted or denied, or until the bankruptcy court grants some relief from the stay." *Pope v. Manville Forest Products Corp.*, 778 F.2d 238, 239 (5th Cir. 1985) (citing 11 U.S.C. § 362); *see also Gonzales v. City & Cnty. of Denver*, 13-946, 2014 WL 641934, at *1 (D. Colo. Feb. 19, 2014).

### III. DISCUSSION

Plaintiff argues that the automatic stay should be lifted because the proceedings against Defendant Otero in bankruptcy court have concluded and Plaintiff should be permitted to proceed with her claims against Defendant ASV. The Court has previously noted, however, that Plaintiff has claimed identity between Defendants ASV and Otero. *See doc. 65*. Thus, the conclusion of bankruptcy proceedings against Otero would appear to require the dismissal of all claims against ASV, as the Chapter 13 Reorganization Plan required Plaintiff to pursue her case exclusively in bankruptcy court. *See doc. 75*.

At the hearing, Plaintiff argued that Defendants ASV and Otero were actually two distinct entities, such that her claims against ASV should be permitted to go forward. Plaintiff stated she would file an amended complaint bringing claims against Defendant ASV only, and defense counsel agreed that it would be appropriate to lift the bankruptcy stay if Plaintiff successfully alleges claims against ASV as an entity independent of Otero. In light of the foregoing, the Court will grant in part Plaintiff's Motion to Lift Stay so as to

permit Plaintiff to file her motion to amend.  Once Plaintiff files her motion to amend, the Court will rule on that motion and address whether the stay should remain in effect.

IT IS THEREFORE ORDERED that Plaintiff's Second Motion to Lift Stay (*doc. 80*) is granted such that Plaintiff is permitted to file a motion to amend.  The stay shall otherwise remain in effect.

IT IS FURTHER ORDERED that Plaintiff shall file a motion to amend her complaint within fourteen days of entry of this order.  Responsive pleadings shall be in accordance with the Local Rules.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE